The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.



/S/ RUSS KENDIG

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| MARY KIDWELL BAUMLER AND | ) | CASE NO. 09-63362 |
| JEFFREY WALLACE BAUMLER, | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtors. | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT INTENDED FOR** |
| | ) | **PUBLICATION)** |

On August 12, 2010, Debtors filed a motion to reopen their case in order to file a motion to avoid a judgment lien against their residential real estate. As part of the motion, Debtors also seek a waiver of the associated filing fee.

Jurisdiction is premised in 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper.

## FACTS

Debtors filed a chapter 7 case on August 14, 2009. They received a discharge on December 22, 2009. As set forth in the motion to reopen, at the time Debtors filed their peittion, a creditor, Jensen Endodontics Inc., had a judgment lien against Debtors' residence.

1

The judgment lien was filed on or about December 15, 2008. No action was taken during the case to remove the lien, resulting in the present motion to reopen to attempt to remove the lien. Debtors also seek a waiver of the filing fee.

## LAW AND ANALYSIS

Bankruptcy filing fees are governed by 28 U.S.C. § 1930. Section 1930(a) sets forth the statutory fees for filing a case, as well as the quarterly fees payable to the United States Trustee in applicable cases. Section 1930(b) is the provision which permits the Judicial Conference of the United States to establish other filing fees in bankruptcy cases, which parallels the authority to establish fees for district court cases under 28 U.S.C. § 1914(b).

The Judicial Conference exercises its section 1930(b) power to create the Bankruptcy Court Miscellaneous Fee Schedule (hereafter "fee schedule"). This schedule includes the fees to reopen a bankruptcy case. Currently, the fee to reopen is $260.00, comprised of a $245.00 fee for reopening and a $15.00 trustee's fee.

The fee schedule contains information on when the fee is to be collected: when the case is reopen following closure without discharge. The fee scheduled also clarifies when the fee is not to be charged: when a party needs to file a Rule 4007(b) complaint, when a debtor seeks to take action to enforce the discharge injunction, and when the reopening is necessary to cure an administrative error. None of these situations is present on these facts, making the fee payable. Finally, the fee schedule provides that the fee may be deferred when trustees are locating assets and also allows a court to waive a fee under "appropriate circumstances."

Waiver of filing fees is specifically addressed by 28 U.S.C. § 1930(f). Subsections (1) and (2) deal with the waiver of filing fees for what this court refers to as "in forma pauperis" debtors. The court waived Debtors' filing fee when the case was initially filed. (Order Granting Am. Application to Proceed In Forma Pauperis, doc. 13). Since the reopening fee is not a fee "payable to the clerk upon the commencement of a case under chapter 7," section (f)(1) is not applicable. Debtors would need to rely on (f)(2), which grants a bankruptcy court authority to waive other filing fees for in forma pauperis debtors.

Debtors have not provided any basis for waiver of the filing fee. First, the court is not inclined to grant a waiver under these facts regardless of Debtors' financial situation. The reopening is necessary to deal with a judgment lien that was recorded prior to the bankruptcy filing. Thus, the lien could have, and should have, been addressed before the case closed. Consequently, the court does not find this to be an "appropriate circumstance" for waiver of the fee. Second, there is no indication Debtors would still meet the standards for proceeding in forma pauperis. Approximately one year passed since the case was filed and Debtors' financial situation has most likely changed. Debtors simply fail to establish any entitlement to waiver of the reopening fee.

2

## CONCLUSION

The reopening fee is a fee prescribed by the Judicial Conference of the United States under the authority of 28 U.S.C. § 1930(b). Debtors are clearly outside the scope of cases where the fee to reopen is not payable. The court has discretion to waive the fee under appropriate circumstances. Even if Debtors still qualified to proceed as in forma pauperis debtors, the court does not find a waiver of the filing fee to be appropriate in this circumstance. The motion to reopen will be granted, but Debtors will be instructed to pay the filing fee.

An order will be ordered in accordance with this decision.

# # #

## SERVICE LIST

Wayne W Sarna
Community Legal Aid Services, Inc.
First National Tower, 7th Floor
11 Federal Plaza Central
Youngstown, OH 44503

Mary Kidwell Baumler
Jeffrey Wallace Baumler
514 22nd Street, N.W.
Canton, OH 44709

3