The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.



/S/ RUSS KENDIG
---
Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| MARY KIDWELL BAUMLER AND | ) | CASE NO. 09-63362 |
| JEFFREY WALLACE BAUMLER, | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtors. | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT INTENDED FOR** |
| | ) | **PUBLICATION)** |

Now before the court is Debtors' amended motion titled "Motion to Waive Filing Fees to Reopen Case and to Reclose Case." Procedurally, the relief Debtors seek is reconsideration of the court's entry Memorandum of Opinion and the corresponding order entered on August 16, 2010.

Jurisdiction is premised in 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper.

## FACTS

Debtors filed a chapter 7 case on August 14, 2009. They received a discharge on December 22, 2009. At the time Debtors filed their petition, a creditor, Jensen Endodontics

1

Inc., had a judgment lien against Debtors' residence. The judgment lien was filed on or about December 15, 2008. No action was taken during the case to remove the lien, resulting in Debtors' request to reopen the case, coupled with a request to waive the associated filing fee. On August 16, 2010, the court granted the motion to reopen but denied the request to waive the filing fee. Debtors were ordered to pay the filing fee immediately, but did not comply.

On September 8, 2010, Debtors filed a motion seeking reconsideration of the court's previous decision denying waiver of the filing fee. Also, they indicate they will not be filing a motion to avoid the lien because the real estate was sold at foreclosure on July 19, 2010, so the issue is moot, and ask the court to close the case.

## LAW AND ANALYSIS

As stated in the previous decision, the filing fee to reopen a case is established by the Judicial Conference under statutory authority from Congress. There are very limited circumstances in which waiver of the filing fees is authorized. The court articulated specific reasons for denying the motion to reopen, including dilatory action and the failure to prove entitlement to a waiver.

Debtors now implore the court to change course. According to the motion, Debtors lost their home to foreclosure, were locked out following the sale, have not been able to regain possession of their personal property, and make below the income threshold for *in forma pauperis* relief. Because the house sold at foreclosure, there is no need to file the motion to avoid the lien, so reopening the case was not necessary. Basically, Debtors just want the case closed and to pretend the reopening never occurred.

A filing fee is assessed when a request to reopen a case is made. Filing fees are not based on the success or necessity of events. Although filing a motion to avoid the lien may be futile, the case was reopened and Debtors incurred the filing fee. Compare this to paying a road toll and later finding out you were going the wrong direction.

As pointed out previously, the lien that was to be avoided was recorded at the time the bankruptcy case was filed and could have been avoided prior to case closure. In astoundingly similar fashion, Debtors now belated recognize that filing the motion to reopen was unnecessary. The real estate was sold at foreclosure on July 19, 2010, nearly one full month before Debtors filed the motion to reopen seeking to avoid the lien. The foreclosure sale obviated the need for a motion to reopen and avoidance of a lien. The effect of Debtors' request is to have the court, and public at large, bear the expense of Debtors' misadventure back to bankruptcy court.

The court is engulfed in cases with Debtors facing troubling circumstances and notes that this does not affect only Debtors, but also their dependents. This is the bankruptcy court

and financial hardships abound, which is the reason the court cannot act merely on sad stories.

The court finds no basis to reconsider its previous decision. The ability to waive a filing fee is discretionary. The docket from the foreclosure case was a matter of public record, and available via electronic means, when the motion to reopen was filed. Debtors improvidently filed a motion and must pay the filing fee. Additionally, even if the court were inclined to grant the waiver, Debtors did not demonstrate their continued entitlement to proceed *in forma pauperis*. They did not provide any evidence in support of their present income or expenses.

Debtors' request for waiver of the filing fee is again denied. An order will be entered in accordance with this opinion. Upon payment of the filing fee, the case will be closed according to the Clerk's standard procedures.

#　　#　　#


## SERVICE LIST

Wayne W Sarna
Community Legal Aid Services, Inc.
First National Tower, 7th Floor
11 Federal Plaza Central
Youngstown, OH 44503

Mary Kidwell Baumler
Jeffrey Wallace Baumler
514 22nd Street, N.W.
Canton, OH 44709